# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**Lee H. Pulsifer and Laura L. Pulsifer,**

        Debtors.     **Bankruptcy Case No. 12-36562-svk**

**LEE H. PULSIFER and LAURA L. PULSIFER,**

        Plaintiffs,     **Adv. Proc. No. 13-02176-svk**

  -vs-     **Case Nos. 13-C-648, 13-C-835**

**U.S. BANK, NATIONAL ASSOCIATION,**
as Trustee for Citigroup Mortgage Pass-Through
Certificates Series 2007-AR4, and
**WELLS FARGO HOME MORTGAGE,**

        Defendants.

**MARY B. GROSSMAN, Standing Chapter 13 Trustee,**

        Additional Party.

## DECISION AND ORDER

The defendants move to reconsider the Court's March 5 order approving the bankruptcy court's January 14 order. The defendants argue, persuasively, that the Court had no authority to approve this order, which addressed core claims that the bankruptcy court had authority to hear under 28 U.S.C. § 157(b).

If an action before the bankruptcy court "contains both core and non-core issues, then the bankruptcy court must simply enter final orders and judgments in those proceedings that are core and submit to the district court proposed findings of fact and conclusions of law in those proceedings that are non-core but related." *Beneficial Nat'l Bank v. Best Receptions Sys., Inc.*, 220 B.R. 932, 950 (Bankr. E.D. Tenn. 1998). In this case, the Court withdrew the reference from the bankruptcy court to address the non-core claims in the first instance. ECF No. 43. Since the core claims are referred to the bankruptcy court, the Court's jurisdiction is appellate, not original. §§ 157(a), 157(b)(1), 158(a). The procedure set forth in § 157(c)(1) is inapplicable, and the plaintiffs' attempt to invoke it was misguided. *See* Fed. R. Bankr. P. 9033(a) ("In non-core proceedings heard pursuant to 28 U.S.C. 157(c)(1), the bankruptcy judge shall file proposed findings of fact and conclusions of law. …").

What the plaintiffs should have done to preserve their right to review in the Seventh Circuit was file a direct appeal from the bankruptcy court's January 14 Order. Appellate proceedings here would have been summary because the Court previously dismissed the non-core claims, and the parties consented to the dismissal of the core claims before the bankruptcy court. However, if prompted the Court could have entered a

summary order denying the appeal, and the plaintiffs could have proceeded to appeal to the Seventh Circuit. *In re Bronk*, 775 F.3d 871, 874 (7th Cir. 2015). To be fair, the plaintiffs did appeal, but they withdrew the appeal in reliance on the Court's March 5 order of approval. Case No. 15-C-224. That was hasty, although the plaintiffs were faced with a motion to dismiss on the grounds that the bankruptcy court abused its discretion by extending the time for appeal, so perhaps the point is or would have been moot.

The foregoing may seem overly formalistic, but to hold otherwise would provide litigants with an avenue to evade and extend the 14-day appeal period in cases with a mix of core and non-core claims. Fed. R. Bankr. P. 8002(a)(1). Here, the plaintiffs waited over a month before asking this Court to "approve" the bankruptcy court's January 14 order. This was a backdoor attempt to extend the time to file an appeal. There are procedures in place to extend the appeal period, committed to the discretion of the bankruptcy court, Fed. R. Bankr. P. 8002(d), but the time to appeal cannot be extended in the manner utilized by the plaintiffs.

Defendants' motion for reconsideration [ECF No. 48] is **GRANTED**. The March 5, 2015 Order [ECF No. 46] and Amended Judgment [ECF No. 47] are both **VACATED**. The September 23, 2014 Judgment [ECF No. 44] is **REINSTATED**.

Dated at Milwaukee, Wisconsin, this 23rd day of April, 2015.

                                  **SO ORDERED:**

                                  **HON. RUDOLPH T. RANDA**
                                  **U.S. District Judge**